TORRANCE T. NORMAN,

            Plaintiff,

v.                                                                    Case No. 25-cv-402-pp

OFFICER HOFF, *et al.*,

            Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A

      Plaintiff Torrance T. Norman, who is incarcerated at the Milwaukee County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 28, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $26.20. Dkt. No. 7. The court received that fee on May 19, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

   A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

2

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that on September 20, 2023, officers of the West Allis Police Department arrested him after what he describes as an unlawful traffic stop. Dkt. No. 1 at 2. He states that he was frisked on the scene and then taken to the police department where officers patted him down and searched his clothes a second time. Id. The plaintiff asserts that he was placed in a holding cell in handcuffs and that John Doe officers surrounded him. Id. Defendant John Doe allegedly unbuttoned the plaintiff's pants and pulled them down to his ankles; the plaintiff says he was unable to defend himself because his hands were cuffed. Id. The plaintiff states that Officer John Doe then stuck

3

his fingers beneath the plaintiff's underwear "as he began to shake and fondle with [the plaintiff's] testicles and re[c]tum at the same time searching for contraband." Id. at 2-3. While doing this, Officer Doe allegedly felt "the plastic bag that protruded from [the plaintiff's] anus where [he] concealed a bag of cocaine for [his] personal use." Id. at 3. The plaintiff states that John Doe "tugged the plastic forcefully snatching it from [the plaintiff's] anus, as it fell to the ground causing [the plaintiff] to bleed from [his] rectum." Id.

The plaintiff claims that the strip search was unconstitutional because he was arrested on unrelated charges that had nothing to do with drugs. Id. He states that the officers did not have probable cause to assume he had contraband. Id. He says that the officers should have obtained a warrant authorizing them to do the "manual strip cavity search, that would have required a doctor when intrusion of the human body occurs." Id. He alleges that no warrants were obtained, that he did not consent and that he was handcuffed with his hands behind his back. Id. at 3-4.

The plaintiff states that he feels like he was humiliated, physically assaulted and sexually assaulted. Id. at 4. He states that if he had been properly searched at the hospital, he would not be going through physical and mental pain. Id. The plaintiff says he is still bleeding from his rectum. Id. For relief, he seeks compensatory and punitive damages. Id. at 5.

    C.    Analysis

The court assumes that the plaintiff was an arrestee or a pretrial detainee during the events described in the complaint. An arrestee or pretrial

4

detainee's claim of an unreasonable search is reviewed under the Fourth Amendment. Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington, 566 U.S. 318, 326 (2012) (applying the Fourth Amendment to a strip search of a pretrial detainee); Haro v. Porter County, Ind., 129 F.4th 992, 996 (7th Cir. 2025) (arrestee). This is because a detainee or arrestee is not a convicted person who must allege cruel and unusual punishment as required under the Eighth Amendment. Under the applicable Fourth Amendment standard, the detainee must successfully allege only that the search was unreasonable. Brown v. Polk County, Wis., 965 F.3d 534, 538 (7th Cir. 2020). This requires only an objective analysis rather than the dual objective and subjective analysis required under the Eighth Amendment. See Henry v. Hulett, 969 F.3d 769, 781 (7th Cir. 2020).

Every person admitted to the general population of a jail, prison or detention facility may be required to undergo a strip search that includes a visual body cavity search while undressed regardless of the nature of the charges brought against them, including those arrested for minor offenses. Florence, 566 U.S. at 322, 329. "Correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities." Id. at 328; see also Bell v. Wolfish, 441 U.S. 520, 546 (1979) ("[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of retained constitutional rights of both convicted prisoners and pretrial detainees").

5

The plaintiff claims that the strip search he underwent in the holding cell at the police department that recovered drugs from his rectum was unlawful because he was arrested only for a traffic violation, not for anything related to drugs. The plaintiff states that a John Doe officer shook and fondled his testicles while searching for contraband. The search the plaintiff describes contrasts with the visual strip searches permitted in Florence because the search the plaintiff describes involved more than just a visual search; he alleges that an officer touched and fondled him. The Court in Florence acknowledged that its holding did not reach searches that involve touching detainees and that there "may be legitimate concerns about the invasiveness of searches that involve the touching of detainees." Id. at 339. In addition, the plaintiff alleges that his search took place at a police department, not a jail or prison, and he does not allege that he was searched prior to being placed into general population, like the detainee in Florence. Cf. Brown, 965 F.3d at 539 (reasonable suspicion required for individualized visual strip search conducted after an arrest or during the booking process); Haro, 129 F.4th at 996-97 (reasonable suspicion required to single out arrestee for a strip search).

The plaintiff's allegations regarding the strip search implicate his rights under the Fourth Amendment. He alleges that Officer John Doe conducted the search at the "police department," which presumably was the West Allis Police Department. The plaintiff has not stated a claim against the other defendants he names in the complaint because he has not included factual allegations against them that amount to a plausible claim for relief. The court will dismiss

6

the named defendants and allow the plaintiff to proceed on his Fourth Amendment claim against the John Doe officer(s) of the West Allis Police Department who allegedly conducted the strip search.

Because the plaintiff does not know the names of the John Doe defendant(s) he is suing, the court will add West Allis Police Chief Patrick Mitchell as a defendant for the limited purpose of helping the plaintiff identify the names of the defendant(s). See Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 556 (7th Cir. 1996). Chief Mitchell does not have to respond to the complaint. After Chief Mitchell's attorney files an appearance in this case, the plaintiff may serve discovery upon Chief Mitchell (by mailing it to his attorney at the address in his notice of appearance) to get information that will help him identify the names of the defendant(s).

For example, the plaintiff may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff does not state a claim against Chief Mitchell, his discovery requests must be limited to information or documents that will help him learn the real names of the defendant(s) he is suing. The plaintiff may not ask Chief Mitchell about any other topic, and Chief Mitchell is under no obligation to respond to requests about any other topic.

After the plaintiff learns the names of the person or people whom he alleges violated his constitutional rights, he must file a motion to substitute their names for the Doe placeholder. The court will dismiss Chief Mitchell as a defendant once the plaintiff identifies the defendants' names. After the

defendant(s) have an opportunity to respond to the plaintiff's complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

The plaintiff must identify the names of the Doe defendant(s) within sixty days of Chief Mitchell's attorney filing a notice of appearance. If the plaintiff does not do so, or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. See Civil L. R. 41(c) (E.D. Wis.).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Officer Hoff, Officer Coello, Officer Lazaris, Officer Oliden, Sgt. Corwin, Warden Cooper and CTI Sayez.

The court **DIRECTS** the clerk's office to add Patrick Mitchell, West Allis Police Chief, to the docket as a defendant for the limited purpose of helping the plaintiff identify the Doe defendant(s) he is suing.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on West Allis Police Department Chief Patrick Mitchell under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is

8

Case 2:25-cv-00402-PP    Filed 08/12/25    Page 8 of 11    Document 8

$8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** that Chief Mitchell is not required to respond to the plaintiff's complaint, but he must respond to the plaintiff's discovery requests as described in this order.

The court **ORDERS** the plaintiff to identify the real name(s) of the Doe defendant(s) within sixty days of Chief Mitchell appearing in the case. If the plaintiff does not, or does not explain to the court why he is unable to identify their real name(s), the court may dismiss his case based on his failure to diligently pursue it. Civil Local Rule 41(c) (E.D. Wis.).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$323.80** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Office of the Sheriff, Fiscal Operations Rm 224, 821 W. State Street, Milwaukee, WI 53233.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 12th day of August, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**